**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean,<br><br>        Plaintiff,<br><br>vs.<br><br>Houghton Mifflin Harcourt Publishing<br>Company,<br><br>        Defendant. | No. CV10-8034-PCT-DGC<br><br><br>**ORDER** |

Defendant Houghton Mifflin Harcourt Publishing Company has filed a motion to dismiss Plaintiff Tom Bean's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 20. Plaintiff opposes the motion. Doc. 27. For reasons that follow, the Court will grant Defendant's motion.[1]

## I.    Background.

Plaintiff is a photographer. Doc. 1 at ¶ 2. Defendant is a publisher of educational textbooks. *Id.* at ¶ 3. Corbis Corporation is the licensing agent for Plaintiff. *Id.* at ¶ 8. According to Plaintiff, between 2000 and 2009, Corbis, as Plaintiff's licensing agent, sold Defendant limited licenses for use of 150 of Plaintiff's photographs. *Id.* at ¶ 8. Plaintiff

---

[1] Plaintiff's request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). The briefing is particularly sufficient given that the Court permitted Plaintiff to submit substantial briefing from a motion for reconsideration filed in a related case. *See* Doc. 33, 34.

1  alleges that Defendant willfully exceeded the permitted uses under the terms of the licenses

2  granted by Corbis. *Id.* at ¶ 10. On February 22, 2010, Plaintiff filed suit alleging that

3  Defendant infringed his copyrights in violation of 17 U.S.C. § 501, et seq. Doc. 1.

4  Plaintiff alleges that he transferred his ownership rights in the 150 images to Corbis.

5  Doc. 27 at 2. After obtaining rights to the images, Corbis applied to register six compilations

6  of images with the United States Copyright Office, each of which contained between 11,000

7  and 613,000 photographs. *Id.* at 2-3. Each of the six compilations contained some of

8  Plaintiff's 150 images, along with images from numerous other photographers. According

9  to the complaint, all of Plaintiff's images were registered with the United States Copyright

10  Office under one of six compilation registration numbers: VA 863-783 (which contains

11  images numbered 1-98 in Plaintiff's complaint), VA 863-785 (which contains images

12  numbered 99-211 in Plaintiff's complaint), VA 1-115-519 (which contains images 212-223

13  in Plaintiff's complaint), VA 1-132-628 (which contains images 224-242 of Plaintiff's

14  complaint), VA 1-288-586 (which contains images 243-44 of Plaintiff's complaint), and VA

15  1-408-166 (which contains image 245 of Plaintiff's complaint).[2] *Id.* Each of the six

16  registration documents clearly indicates that Corbis is the author of the compilation and that

17  other authors created the individual photographs within the compilation. *See* Doc. 20-1 at

18  2-3; Doc. 20-2 at 2-3; Doc. 20-3 at 2-3; Doc. 20-4 at 2-3; Doc. 20-5 at 2-5; Doc. 20-6 at 2-5.

19  The registration document for registration number VA 863-783 lists Plaintiff as one of the

20  authors of the photographs, but does not include any information on the titles of the

21  individual images. Doc. 20-1 at 2-3. The registration documents for the other five

22  registration numbers do not mention Plaintiff as the author, nor do they mention the titles of

23  any of the individual photographs. Doc. 20-2 at 2-3; Doc. 20-3 at 2-3; Doc. 20-4 at 2-3; Doc.

24

25  [2] Plaintiff did not attach copies of the registration certificates to his complaint. Doc. 1.
   Defendant did provide the Court with the copyright registrations, and has requested that the
26  Court take judicial notice of them pursuant to *Knievel v ESPN*, 393 F.3d 1068, 1076 (9th Cir.
   2005). Doc. 20 at 3. Plaintiff does not object to the Court's consideration of the copyright
27  registrations and included copies in his response to Defendant's motion. *See* Doc. 27. The
   Court accordingly will consider the certificates in this order.
28

1  20-5 at 2-5; Doc. 20-6 at 2-5.

2      Defendant argues that Plaintiff's complaint should be dismiss because the images

3  were not individually registered in compliance with 17 U.S.C. § 409, but rather were

4  registered only as part of a compilation.  Defendant contends that Plaintiff therefore cannot

5  bring suit for infringement on the individual photographs.

6  **II.    Legal Standard.**

7      **A.    Rule 12(b)(6).**

8      When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6),

9  the factual allegations "'are taken as true and construed in the light most favorable to the

10  nonmoving party.'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation

11  omitted).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to

12  state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

13  570 (2007)).

14      **B.    The Copyright Act.**

15      Under 17 U.S.C. § 102, an applicant may seek to obtain copyright protection for any

16  "original works of authorship fixed in any tangible medium of expression," which includes

17  literary works, musical works, and pictoral works.  Under 17 U.S.C. § 103, an applicant may

18  also seek to obtain copyright protection for a "compilation or derivative work[.]"  Under 17

19  U.S.C. § 101, a compilation is defined as "a work formed by the collection and assembling

20  of preexisting materials or of data that are selected, coordinated, or arranged in such a way

21  that the resulting work as a whole constitutes an original work of authorship."  In other

22  words, an applicant may obtain copyright protection for the compilation itself – that is, the

23  original work of compiling the various data or materials included in the compilation – even

24  if the applicant does not actually own or have a copyright in the individual data or materials

25  that make up the compilation.  17 U.S.C. § 101; *see also* 17 U.S.C. § 201(c) ("Copyright in

26  each separate contribution to a collective work is distinct from copyright in the collective

27  work as a whole, and vests initially in the author of the contribution.").  Because

28  compilations and collective works may include material that does not belong to the applicant,

1    the Copyright Act makes clear that the "copyright in a compilation . . . extends only to the

2    material contributed by the author of such work, as distinguished from the preexisting

3    material employed in the work, and does not imply any exclusive right in the preexisting

4    material."  17 U.S.C. § 103(a).

5            The process by which an applicant may register his copyright for an individual work

6    or a compilation is governed by § 409 and requires that any copyright registration include

7    "the name . . . of the author or authors," "the title of the work," and certain other information.

8    More detailed requirements and conditions for the registration of copyrights are set out in 37

9    C.F.R. § 202.3.  If an applicant seeks to register a compilation, the applicant must follow the

10   rules set out in § 409 and in 37 C.F.R. § 202.3(b)(5), which governs group registrations.  If

11   an applicant seeks to register an individual work, the applicant must follow the rules set out

12   in § 409 and in 37 C.F.R. § 202.3(b)(4), which governs the registration of individual works.

13           Proper registration of a work or compilation is important because a plaintiff cannot

14   bring a "civil action for infringement of [a] copyright in any United States work" until

15   "preregistration or registration of the copyright claim has been made" in accordance with the

16   Copyright Act.  17 U.S.C. § 411; *see Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237

17   (2010).  Thus, before bringing a claim for infringement, a plaintiff must have properly

18   registered his work or compilation pursuant to § 409.

19           This requirement is not entirely inflexible.  Under § 411(b), a registration will be

20   deemed to satisfy the requirements of § 409 "regardless of whether the certificate contains

21   any inaccurate information, unless– (A) the inaccurate information was included on the

22   application for copyright registration with knowledge that it was inaccurate; and (B) the

23   inaccuracy of the information, if known, would have caused the Register of Copyrights to

24   refuse registration."

25   **III.    Analysis.**

26           Defendant argues that none of Plaintiff's individual photographs was registered.

27   Plaintiff argues that the individual images were properly registered by Corbis. The question

28   before the Court is whether Corbis's registration of six compilations containing numerous

1  photographs authored by different authors, all of whom assigned their rights in their

2  photographs to Corbis before registration, had the effect of registering the individual works

3  in the compilations to the individual authors, permitting each author to sue for copyright

4  infringement.  The Court finds that they did not.

5       Under § 409, a copyright registration application must include "the name . . . of the

6  author or authors" and "the title of the work[.]"  17 U.S.C. § 409.  If an applicant is seeking

7  to copyright an individual work, the applicant will name the author or authors of the work,

8  the title of the work, and will also include other information required by § 409 and 37 C.F.R.

9  § 202.3(b)(4).  If the applicant is seeking to copyright a compilation, the applicant will name

10  the author of the compilation, the title of the compilation, and will include other information

11  required by § 409 and 37 C.F.R. § 202.3(b)(5).

12       Corbis filed six certificates of registration for six different compilations, each of which

13  contained thousands of photographs authored by numerous photographers.  Each certificate

14  contained one title, which was the name Corbis gave to the compilation. *See, e.g.*, Doc. 20-1

15  at 2 (including one work entitled "CORBIS DIGITAL ONLINE DATABASE MARCH, 17

16  1997 GROUP").  The titles of the individual photographs were not listed in the certificates.

17  Each certificate named a few, but not all, of the authors of the photographs. *See, e.g.*, Doc.

18  20-1 at 2 (naming the authors of the photographs as "James Amos, Dave Bartruff, Tom Bean

19  and 125 other photographers); *see also* Doc. 20-2 at 2-3; Doc. 20-3 at 2-3; Doc. 20-4 at 2-3;

20  Doc. 20-5 at 2-5; Doc. 20-6 at 2-5.

21       Plaintiff argues that Corbis did not need to follow the requirements of § 409 in order

22  to copyright the individual photographs.  He argues that because § 411 acts to save

23  registrations that do not comply with all the requirements of § 409, the fact that Corbis's

24  registrations failed to comply fully with § 409 is irrelevant to the validity of the copyrights.

25  The Court does not agree.

26       Under § 411, "[a] certificate of registration satisfies the requirements of [section 409],

27  regardless of whether the certificate contains any inaccurate information, unless– (A) the

28  inaccurate information was included on the application for copyright registration with

1  knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would

2  have caused the Register of Copyrights to refuse registration."   17 U.S.C. § 411(b).

3  Applying the plain language of the statute, *see U.S. v. Daas*, 198 F.3d 1167, 1174 (9th Cir.

4  1999), the Court finds that § 411 is intended to save otherwise valid registrations that contain

5  unintentionally inaccurate information.

6          In this case, Corbis submitted valid compilation registrations.  The compilation

7  registrations do not need to be saved by § 411.  Even if we assume that Corbis also sought

8  to register each individual photograph in the compilations, the Court cannot find that § 411

9  saves the thousands of attempted registrations.  Corbis did not merely provide inaccurate

10  information for the individual photographs, it failed to comply with the requirements of § 409

11  almost completely.  It failed to provide the titles of any of the individual photographs, largely

12  failed to identify the authors of the photographs, and failed to connect any author with any

13  individual photograph. Reading § 411 to save such incomplete registrations would eviscerate

14  the requirements of § 409.  Registrations would be saved even when they entirely omit key

15  information required by § 409.  The Court cannot read § 411 so broadly.  Plaintiff's reliance

16  on *Bird Barrier America, Inc. v. Bird-B-Gone*, *Inc.*, SACV 09-0418 AG, 2010 WL 761241

17  (C.D. Cal. Mar. 1, 2010), is misplaced because the plaintiff in that case merely mislabeled

18  a work in an otherwise valid application and did not omit information required by § 409

19  altogether.

20          Plaintiff makes several arguments as to why § 411(b) should be read to cover the

21  omissions that occurred in Corbis's attempted registrations, but none is persuasive. Plaintiff

22  cites to the legislative history of the statute, *see* Doc. 27 at 6-7, and to a treatise discussing

23  inadvertent errors made in copyright applications, *see* Doc. 27 at 9-10, but these citations do

24  not change the fact that the plain language of § 411 applies to inaccuracies in otherwise valid

25  applications, not to complete omissions of information necessary to determine what work

26  was being copyrighted.  Plaintiff  also attempts to argue that § 411, because it was enacted

27  after § 409, trumps § 409 to the extent they are contradictory.  Doc. 27 at 11-15.  But the

28  Court does not find that the two statutes conflict.  Section 409 requires certain information

1  to be included in an application, and § 411 prevents an approved application from being

2  rendered invalid if some of the information was unintentionally inaccurate. These provision

3  are not contradictory.

4       Plaintiff argues at length that *Muench v. Houghton Mifflin Harcourt Publishing Co.*,

5  — F. Supp. 2d —, 2010 WL 1838874 (S.D.N.Y. May 4, 2010), was incorrectly decided. The

6  Court need not determine whether *Muench* was decided correctly. The Court has not relied

7  on *Muench* in making its decision.

8  **IV.    Conclusion.**

9       Corbis's six compilation registrations, although valid for purposes of copyrighting the

10  compilations themselves, did not copyright the individual photographs within the

11  compilations. As a result, none of the 150 images at issue in this case is properly registered

12  under the Copyright Act. Without such registration, Plaintiff cannot bring a "civil action for

13  infringement of [a] copyright[.]"  17 U.S.C. § 411(a).[3]

14       Corbis filed a motion for leave to file an amicus curiae brief in support of Plaintiff.

15  Doc. 35. The Court will deny the motion. The Court read and considered Corbis's

16  arguments raised in its amicus curiae memorandum in support of the plaintiff in a related

17  case, *see* Doc. 34-2 at 1-26, and the Court finds that consideration of Corbis's proposed

18  amicus curiae brief in the present case will not aid the Court's decision.

19       **IT IS ORDERED:**

20       1.    Defendant's motion to dismiss (Doc. 20) is **granted**.

21       2.    Corbis's motion for leave to file an amicus curiae brief (Doc. 35) is **denied**.

22

23

24

25

---

26  [3] The Court does not make any ruling on whether a compilation registration can ever have

27  the effect of registering the individual works contained in the compilation. The Court
decides only the narrow issue before it – whether Corbis's six compilation registrations had

28  the effect of registering the individual photographs.

1      3.     The Clerk of Court shall terminate this action.

2      DATED this 9th day of August, 2010.

David G. Campbell
United States District Judge